IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40566
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LEE SIMMONS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(4:96-CR-58-ALL)

_____

January 5, 1998
Before GARWOOD, JONES and STEWART, Circuit Judges.[*]

PER CURIAM:

Defendant-appellant Tommy Lee Simmons, Jr. appeals his
conviction under 18 U.S.C. § 841(a)(1) for possession with the
intent to distribute in excess of five grams of crack cocaine.
Appellant's main argument on appeal is that both his arrest and the
subsequent seizure of cocaine were unlawful. Having reviewed the

_____

[*]     Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record and the parties' briefs, we affirm the district court's holding, and specifically its ruling on the admissibility of the crack cocaine discovered subsequent to appellant's arrest, for the reasons orally stated by the district court. *See United States v. Simmons*, No. 4:96-CR-58-ALL (E.D. Tex. Jan. 13, 1997).

The district court ruled that appellant had no standing to challenge the seizure of the baggie of cocaine found on the ground near to where appellant was standing because appellant had abandoned the baggie. *See United States v. Quiroz-Hernandez*, 48 F.3d 858, 864 (5th Cir. 1995); *United States v. Barlow*, 17 F.3d 85, 88 (5th Cir. 1994). Appellant argues that this rule does not apply because his abandonment of the baggie was the product of his assertedly illegal arrest. This argument fails for two reasons. To begin with, it is raised for the first time on appeal, and is essentially inconsistent with the position appellant took in the district court.[1] In the second place, appellant's present argument

---

[1] Appellant took the opposite position before the district court, arguing at the suppression hearing that it was unreasonable to infer that the baggie of crack cocaine, found inches from his right foot on the shoulder of a deserted stretch of highway shortly after he had been placed under arrest, was or ever had been in his possession. Accordingly, the trial court held that appellant had abandoned the contraband and lacked standing to object to its admission at trial. At trial, appellant presented testimonial evidence that the baggie had been thrown from the window of a second automobile, which he claimed was driven by a (now deceased) relative. Thus, because appellant denied that the cocaine was his or had ever been in his possession, the factual question of whether appellant abandoned the cocaine due to the arrest was never raised in the lower court.
Furthermore, at the suppression hearing, the Government

is based on the incorrect premise that a violation of Texas Transportation Code §§ 601.051 and 601.053 is not an offense for which an officer is authorized to arrest. As we have previously noted, officers are authorized under the Texas Code of Criminal Procedure to arrest for virtually any misdemeanor crime that is committed in their presence, including failure to carry proof of automobile insurance as required by Texas law. *See United States v. Basey*, 816 F.2d 980, 990 & 990 n.17 (5th Cir. 1987) (stating that a warrantless arrest for failure to carry proof of liability insurance under Tex. Code Crim. Proc. Art. 14.01(b) is lawful); *cf. United States v. Hernandez*, 901 F.2d 1217 (5th Cir. 1990) (stating that Tex. Code Crim. Proc. Art. 14.01(b) allows custodial arrest for failure to display vehicle license plates). Appellant does not cite a single case to support his assertion that the arrest was unauthorized, and has thus failed to show any error, let alone clear error, that would mandate reversal.

The judgment of the district court is

AFFIRMED.

---

specifically asked the arresting officer whether "failure to maintain financial responsibility" (*i.e.*, failure to carry proof of minimum liability insurance) was a violation for which officers were authorized to arrest. He responded that it was. On cross-examination, counsel for the appellant asked the same question, received the same answer, and did not at that, or any other, time during the hearing dispute that the arrest was authorized under Texas law.